

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE, DIVISION

CIVIL RIGHTS COMPLAINT MOTION
UNDER 42 U.S.C. § 1983

MICHAEL FLOYD
Inmate #J17034
    Plaintiff,

vs.

Case No.: _____

SERGEANT JONES,
SERGEANT CASH,
OFFICER JOHN DOE "I,"
OFFICER JOHN DOE "II,"
WARDEN JOHN DOE "III,"
CAPTAIN JOHN DOE "IV,"
LIEUTENANT JOHN DOE "V,"
    Defendants.
_____ /

cat / div 550/1983/WPB
Case # _____
Judge _____ Mag WHITE
Motn Ifp YES  Fee pd $ 0
Receipt # _____

This is civil rights action filed by Michael Floyd a state prisoner, for damages under 42 U.S.C. § 1983, alleging excess use of force and deliberate indifferent in violation of the Eight Amendment to the United States Constitution and alleging Fourteenth Amendment violation to the United States Constitution right to liberty.

1

1. Plaintiff: MICHAEL FLOYD J17034
   Okeechobee Correctional Institution
   3420 N.E. 168th Street
   Okeechobee, Florida, 34972

2. Defendants: SERGEANT JONES,
   SERGEANT CASH,
   OFFICER JOHN DOE "I,"
   OFFICER JOHN DOE "II,"
   WARDEN JOHN DOE "III,"
   CAPTAIN JOHN DOE "IV,"
   LIEUTENANT JOHN DOE "V,"
   South Florida Reception Center
   1400 N.W. 41st Street
   Miami, Florida  33178

## PREVIOUS LAWSUITS

Plaintiffs:   Michael Floyd J17034
Defendants: J. Sigmon, R. Comerford, E. Stain.
District and Judicial Division: Northern/Pensacola.
Name of Judge: M. C. Rodgers.
Case #: 3:15cv482/MCR/CJK.
Approximate filing date: October 28, 2015
Date of Dismissal: July 12, 2016
Reason for Dismissal: Failure to State a Claim which relief may be granted.
Fact and Claims on Case:  Denied access to the courts/First and Fourteenth Amendment violation

## STATEMENT OF FACTS

1. On September 9, 2016, while housed at the South Florida Reception Center Plaintiff was called into J-3 hallway by Sergeant Cash between the time of 6:30 and 6:50 pm.

2. Once Plaintiff was in J-3 hallway Sergeant Cash ordered him to submit to handcuffs behind his back Plaintiff complied.

3. Plaintiff asked Sergeant Cash what was he going to confinement for and Sergeant Cash stated that Plaintiff was going to get his mind right and he should pray that he lived to see tomorrow.

4. Sergeant Cash than walked Plaintiff out of J-Dorm where two Security Nine Officers John Doe "I" and Officer John Doe "II" was waiting.

5. Both Officers John Doe "I' and John Doe "II" then violently escorted Plaintiff away from J-Dorm with punches and slaps to the side and back of Plaintiff's head.

6. Plaintiff asked multiple times to speak to the Captain or O.I.C. [Officer In Charge] and was punched in the upper back and kicked in the butt and told to shut the fuck up before he get his jaw broke by Officer John Doe "II."

7. Officer John Doe "I" and Officer John Doe "II" escorted Plaintiff through the gate between Food Service and Administration and walked him to E-Dorm where Sergeant Jones and three other Officers sat out front of E-Dorm.

8. Officer John Doe "I" told Sergeant Jones here is the inmate Sergeant Cash

3

wants you to give a attitude adjustment.

9. Sergeant Jones than violently punched Plaintiff twice in the face while Officer John Doe "I" and Officer John Doe "II" held his arms that were still cuffed behind his back.

10. Plaintiff was in great fear of his life because it was night and the compound was closed and he was screaming for someone to help hoping that it would cause the assault to stop.

11. Plaintiff then was punched by Sergeant Jones, Officer John Doe "I" and Officer John Doe "II" repeatedly in the head, face, ribs, back, and side.

12. Plaintiff was then shoved to the ground where Officer John Doe "I" and Officer John Doe "II" and Sergeant Jones began stomping on the Plaintiff's head and kicking him until he lost consciousness.

13. At a time unknown Plaintiff was awaken by Sergeant Jones who told him to go back to his Dorm [J-Dorm] and play dead until Monday.

14. Plaintiff returned to J-Dorm and went back to his cell J3103 and laid down and did his best to stay in his cell and the dorm because he was in fear of having to explain why, how, and where he received his injuries [black-eye, swollen lip and face, with scrapes, soreness and a chip left front tooth].

15. On September 10, 2016, Plaintiff was in line for lunch when Sergeant Cash stated "I see that you are still alive I hope that you have your mind right and don't need another attitude adjustment." Plaintiff did not respond.

16. On September 12, 2016, Plaintiff lost consciousness and was in need of medical treatment because he had been going unconscious over the weekend September 10 and 11, 2016.

17. Medical sent a nurse to J-Dorm in response to a medical emergency. Once in medical Plaintiff took the opportunity to report the assault on him by Officers while in handcuffs and asked to speak to the Captain because he wanted to be placed on Protective Custody.

18. On September 12, 2016, Plaintiff was placed in E-Dorm on Protective Custody and he began submitting Grievance on being physically assaulted while in handcuffs.

19. On September 15, 2016, Inspector Mr. Nicholas came to E-Dorm and interviewed Plaintiff. Mr. Nicholas took a recorded statement along with pictures of his black-eye and swollen face.

20. After the interview, Plaintiff was being escorted back to his cell when he was stopped by Sergeant Jones who asked Plaintiff if he gave his name to the Inspector or told the name of any of the officers.

21. Plaintiff said that he answered all questions asked and Sergeant Jones threatened Plaintiff and stated that if you gave my name to the Inspector that he would fuck Plaintiff up worse than what they did to him the other night, that he and the other officers were just having fun and playing around with Plaintiff.

22. On September 21, 2016, Plaintiff transferred to Okeechobee Correctional

5

Institution from South Florida Reception Center.

## STATEMENT OF THE CLAIMS

1. The actions of Warden John Doe III, Captain John Doe IV, Lieutenant John Doe V in not taking disciplinary or other action to curb the known pattern of physical abuse of inmates at South Florida Reception Center constitute deliberate indifference, and contributed to and proximately cause the above described violation of Eighth Amendment rights and assault and battery.

2. The actions of Sergeant Cash, demonstrated a deliberate indifference toward Plaintiff by failing to act reasonably by disregarding an excessive risk to Plaintiff's health and safety by subjecting Plaintiff to a practice that is dangerous to all prisoners when Plaintiff was handcuffed behind his back with malicious intention of having Plaintiff beaten and assaulted constitute a cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

3. The actions of Sergeant Cash and Sergeant Jones demonstrated a malicious violation of D.O.C. policy and procedures given by the F.A.C. of Chapter 33-208 and the Plaintiff's rights when they applied unwanton and unnecessary verbal abuse and threats of physical abuse before and after the excessive use of force on the Plaintiff violates Plaintiff's constitutional rights governing against cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

4. The actions of Sergeant Jones, Officer John Doe "I" and Officer John Doe

"II" in using excessive force against the Plaintiff without need or provocation while Plaintiff was in handcuffs constitute cruel and unusual punishment a violation of the Eighth Amendment of the United States Constitution.

5. The actions of Sergeant Cash deprived Plaintiff of his liberty right as secured by the Constitution when Sergeant Cash willfully subjected Plaintiff to an excessive use of force that was intended and amounted to punishment which violates the liberty interest, as secured by the due process claque of the Fourteenth Amendment of the United States Constitution.

6. The actions of Sergeant Jones, Officer John Doe "I" and Officer John Doe "II" in their use of excessive force against Plaintiff by beating Plaintiff when Plaintiff was unable to defend himself violated his right to liberty as secured by the Fourteenth Amendment of the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays this Honorable Court apply all Federal Rules of Civil Procedures; Federal Statutes; and Constitutional Law for him to obtain compensatory and punitive damages from each named Defendant in his or her individual capacity as stated in this complaint and service expenses, filing fees, mailing expenses, court costs, and attorney fees be charged to the Defendant's along with any other proper relief.

## AWARD OF COMPENSATORY DAMAGES

1. Warden John Doe III individual capacity in the amount of $10,000.00

2.  Caption John Doe III individual capacity in the amount of $10,000.00

3.  Lieutenant John Doe individual capacity in the amount of $10,000.00

4.  Security Nine Officer John Doe "I," in his individual capacity, in the amount of $10,000.00.

5.  Security Nine Officer John Doe "II," in his individual capacity, in the amount of $10,000.00.

6.  Sergeant Cash, in her individual capacity, in the amount of $10,000.00.

7.  Sergeant Jones, in his individual capacity, in the amount of $10,000.00.

## AWARD OF PUNITIVE DAMAGES

1.  Warden John Doe III individual capacity in the amount of $5,000.00

2.  Caption John Doe III individual capacity in the amount of $5,000.00

3.  Lieutenant John Doe individual capacity in the mount of $5,000.00

4.  Security Nine Officer John Doe "I," in his individual capacity, in the amount of $20,000.00.

5.  Security Nine Officer John Doe "II," in his individual capacity, in the amount of $20,000.00.

6.  Sergeant Cash, in her individual capacity, in the amount of $20,000.00.

7.  Sergeant Jones, in his individual capacity, in the amount of $20,000.00.

8.  Plaintiff is requesting a jury trial on all legal matters and claims

## UNNOTARIZED OATH

I DECLARE UNDER PENALTY OF PERJURY that I have read the foregoing 42 U.S.C. § 1983 Civil Rights Complaint and the facts and matters stated herein are true and correct. On this 31 day of October 2017.

*/s/ Michael Floyd*

Michael Floyd #J17034
Okeechobee Correctional Institution
3420 N.E. 168th Street
Okeechobee, Florida, 34972

9

Michael Floyd J170394
Okeechobee Correctional Institution
3420 North East 168th Street
Okeechobee, Fl. 34972

THIS MAIL ORIGINATED AT
OKEECHOBEE CORRECTIONAL
INSTITUTION

Federal Courthouse Square
301 North Miami Avenue
Miami, FL. 33128

Hasler
11/01/2017
US POSTAGE $00